UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| National Specialty Pharmacy, LLC and Giving Home Healthcare, LLC,<br><br>    Plaintiffs<br><br>v.<br><br>One Way Drug LLC d/b/a Partell Pharmacy, et al.,<br><br>    Defendants | Case No.: 2:21-cv-01082-JAD-VCF<br><br>**Order Denying Motion for Attorney's Fees**<br><br>[ECF Nos. 39, 41, 45] |

    National Specialty Pharmacy and Giving Home Healthcare sued their former employee William Tilghman and his new employers One Way Drug (Partell)[1] and Advanced Care Group (ACG), alleging that they misappropriated trade secrets. Last year, I granted the defendants' motions to dismiss the plaintiffs' two federal claims and declined to exercise supplemental jurisdiction over the remaining state-law claims. ACG now moves for attorney's fees and costs. Partell and Tilghman join ACG's motion, seeking to recover their own fees and costs.

    In its fees motion, ACG relies on the federal Defend Trade Secrets Act (DTSA), the very statute under which the plaintiffs brought their now-dismissed claim, to support their entitlement to attorney's fees and costs, arguing that the plaintiffs brought that claim in bad faith. The plaintiffs dispute that they acted in bad faith, contend that this court lacks jurisdiction to award fees and costs, and argue that the defendants were not prevailing parties on the DTSA claim and therefore cannot benefit from its fees provision. The defendants alternatively rely on 28 U.S.C. § 1927 and various procedural and local rules—some of which don't exist—to support their fees

---

[1] One Way Drug, LLC conducts business as Partell Pharmacy. I follow the parties' lead and refer to that defendant as "Partell."

argument. Because this court lacks subject-matter jurisdiction to award fees under the DTSA and none of the other bases proposed by ACG apply, I deny the motion.

## Discussion

### I. The court lacks subject-matter jurisdiction to award fees and costs under the DTSA.

ACG urges that it is entitled to attorney's fees under the DTSA because the plaintiffs pursued their DTSA claim in bad faith.[2] Under the DTSA, "if a claim of [] misappropriation is made in bad faith, . . . [a court may] award reasonable attorney's fees to the prevailing party."[3] ACG mistakenly states that the DTSA "*requires* an award of attorneys' fees,"[4] but the language of the statute is discretionary, clearly stating that "a court *may*" award attorney's fees.[5] Even still, I cannot exercise such discretion because I lack subject-matter jurisdiction to award attorney's fees under the DTSA. Earlier in this case, the defendants filed separate motions to dismiss, arguing that this court lacks subject-matter jurisdiction over the plaintiffs' DTSA claim.[6] At the hearing in which I dismissed the plaintiffs' federal claims—including the DTSA claim—I concluded that they failed to allege facts to meet a critical interstate-commerce element of their claims, noting that "[t]he plaintiffs have made no attempt to allege a nexus for their trade secrets and their product, and they have not demonstrated that they can if given leave to amend."[7] I also noted that "[t]his appears . . . to be a very state-law based case" and dismissed both federal

---

[2] ECF No. 39 at 4–6.

[3] 18 U.S.C. § 1836(b)(3)(D).

[4] ECF No. 39 at 5 (emphasis added).

[5] 18 U.S.C. § 1836(b)(3) (emphasis added) ("In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may. . . award reasonable attorney's fees to the prevailing party.").

[6] ECF No. 19 at 3–7 (Partell's motion); ECF No. 22 at 4–8 (ACG's motion); ECF No. 28 at 2–6 (Tilghman's motion).

[7] ECF No. 42 at 22 (hearing transcript).

claims "that anchor[ed] this case here with federal[-]question jurisdiction."[8] But I didn't specify that I was dismissing the claims for lack of subject-matter jurisdiction. The Supreme Court has held that "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"[9] So because I found that the crux of the plaintiffs' case was state-law based and that federal jurisdiction was nonexistent, I now clarify that I concluded that the plaintiffs' DTSA claim was completely devoid of merit. So the dismissal was grounded in the lack of subject-matter jurisdiction. And just as this court lacked subject-matter jurisdiction over the plaintiffs' DTSA claim, it likewise lacks jurisdiction to award attorney's fees under that same statute.[10]

Although the Ninth Circuit hasn't directly addressed the relationship between attorney's fees and subject-matter jurisdiction in the DTSA context, it has done so in other circumstances, including tax and patent cases.[11] In *Latch v. United States*, the Ninth Circuit held that "[a]s a general rule, if a district court has wrongfully exercised subject[-]matter jurisdiction over a dispute, the appellate court must vacate the district court's decision, including any award of

---

[8] *Id.* at 23.

[9] *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359 (1959)).

[10] *See Smith v. Brady*, 972 F.2d 1095, 1097 & n.3 (9th Cir. 1992) (citing *Latch v. United States*, 842 F.2d 1031, 1032 (9th Cir. 1988)) (discussing *Latch* and noting that "[t]he district court's award of attorney's fees was overturned . . . because the district court had wrongfully exercised subject[-]matter jurisdiction over the dispute, and thus had no power to award attorney's fees.").

[11] *See* 18 U.S.C. § 1836(b)(3); *Dubil v. Rayford Camp & Co.*, 184 F.2d 899 (9th Cir. 1950).

3

attorney's fees."[12]  It follows that if a district court lacks subject-matter jurisdiction over a claim brought under a certain statute, like here, it cannot award attorney's fees under that same statute.

"An exception to this rule exists whe[n] the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction."[13]  But nothing in the DTSA allows the court to retain jurisdiction over a dismissed DTSA claim for the purpose of awarding attorney's fees.[14]  And even if this court had jurisdiction to award attorney's fees, the DTSA requires that the movant be the "prevailing party,"[15] which ACG isn't.  The Ninth Circuit has interpreted "prevailing party" to exclude defendants in cases "when dismissal is mandated by a lack of subject[-]matter jurisdiction."[16]  That is precisely the category that ACG falls into here.  So because this court lacks subject-matter jurisdiction over the now-dismissed DTSA claim, it also lacks jurisdiction to award attorney's fees under that statute.  So I deny ACG's fees motion.

## II.     None of ACG's other proposed bases for fees apply.

### A.     Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5) aren't triggered here.

Alternatively, ACG moves for attorney's fees based on Federal Rules of Civil Procedure (FRCP) 26(c)(3) or 37(a)(5).[17]  ACG asserts that it "was forced to seek a protective order in the form of a stay due to [p]laintiffs' unreasonable refusal to stay litigation until the hearing on the

---

[12] *Latch*, 842 F.2d at 1033 (citing *Nat'l Mar. Union v. Aquaslide 'N' Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir. 1984); *People Organized for Welfare & Emp. Rts. v. Thompson*, 727 F.2d 167, 173 (7th Cir. 1984); *Dubil*, 184 F.2d at 902).  The first case involved a labor dispute, the second dealt with civil rights, and the third was a patent case.

[13] *Id.* (citing *Cal. Ass'n of Physically Handicapped v. FCC*, 721 F.2d 667, 671 (9th Cir. 1983), *cert. denied*, 469 U.S. 832 (1984)).

[14] *See* 18 U.S.C. § 1836.

[15] *Id.* at § 1836(b)(3)(D).

[16] *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 904 (N.D. Cal. 2005) (citing *Miles v. State of Cal.*, 320 F.3d 986, 988 (9th Cir. 2003)).

[17] ECF No. 39 at 6–7.

4

motion to dismiss, despite the fact that oral argument was just a few weeks away."[18] ACG then contends that it "prevailed on the motion . . . despite the fact that it was ultimately declared moot."[19] But ACG misstates the record. While it is true that ACG titled its motion as one seeking a "protective order,"[20] this title was a misnomer. In fact, ACG sought a stay of the case, not a true protective order.[21] So because a protective order was not actually at issue, FRCP 26(c)(3)— governing the award of expenses incurred while moving for a protective order— doesn't apply.[22] And FRCP 37(a)(5), which relates to discovery violations, is also inapplicable because ACG didn't allege that the plaintiffs violated any discovery rules.[23]

But even if either of these rules applied, they aren't triggered because ACG didn't prevail on its "motion for a protective order." Instead, the magistrate judge sua sponte stayed discovery and never substantively ruled on ACG's "protective-order" motion.[24] I ultimately denied that motion as moot once I dismissed the plaintiffs' only federal claims.[25] Neither the magistrate judge's order nor mine resulted in ACG's victory. So because neither of these rules applies, I deny ACG's fees motion.

---

[18] *Id.* at 7.
[19] *Id.*
[20] ECF No. 34.
[21] A protective order is generally sought to prevent public access to certain documents and information produced in discovery. *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).
[22] Fed. R. Civ. P. 26(c)(3).
[23] Fed. R. Civ. P. 37(a)(5).
[24] ECF No. 37.
[25] ECF No. 42.

**B.      ACG hasn't shown that the plaintiffs acted unreasonably or vexatiously.**

Classifying the plaintiffs as "obstructionist at every point,"[26] ACG contends that attorney's fees are also permitted under 28 U.S.C. § 1927, which gives courts discretion to award fees and costs against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."[27]  The plaintiffs respond that ACG hasn't demonstrated that § 1927 is implicated here and that "[n]one of [the] activity [in this case] has been unreasonable or vexatious."[28]  Indeed, none has.  The federal rules permit plaintiffs to plead alternative claims,[29] and as I noted at the motion-to-dismiss hearing, the plaintiffs made "some novel and creative arguments" in bringing their DTSA claim, although they ultimately failed.[30]  Because ACG has not shown that any conduct in this case was unreasonable or vexatious, I decline to exercise my discretion to impose sanctions under it.

**C.      The local rules that ACG cites don't exist.**

ACG also relies on "LR IA 4-1 and LR IA 16.1-21," concluding—without analysis—that they serve as further bases for the award of attorney's fees.[31]  But as the plaintiffs aptly point out, "[n]either rule currently exists in the Local Rules" of this district.[32]  Because these rules don't

---

[26] ECF No. 39 at 7.

[27] 28 U.S.C. § 1927.

[28] ECF No. 43 at 11.

[29] Fed. R. Civ. P. 8(d)(2)–(3).

[30] ECF No. 42 at 23 (hearing transcript).

[31] ECF No. 39 at 7.

[32] ECF No. 43 at 11.  The rules ACG relies on were last found in the 2011 version of the district's local rules, which was superseded in August 2017.  Counsel is advised to consult the current version of this district's Local Rules, which is available on the court's website.

exist, they cannot support an award of attorney's fees, so I deny ACG's motion to the extent it is based on these outdated rules.

### III. Partell and Tilghman aren't entitled to attorneys' fees.

The other two defendants, Partell and Tilghman, join ACG's motion for attorney's fees.[33] Because I deny ACG's motion, neither Partell nor Tilghman are entitled to attorneys' fees either. But even if ACG had prevailed on its fees motion, I would still deny an award of fees to Partell and Tilghman because they didn't comply with the local rules.[34] Motions for attorney's fees must "be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable."[35]  While Partell and Tilghman's counsel provided an affidavit, it doesn't include any confirmation of the fees and costs charged.[36] Partell and Tilghman's joinder also lacks the information required by Local Rule 54-14(a)(3), such as "[t]he time and labor required," "[t]he novelty and difficulty of the questions involved," and "[t]he preclusion of other employment by the attorney due to acceptance of the case."[37]  As Partell and Tilghman have not shown they are entitled to a fees award, I deny their joinders.

---

[33] ECF No. 41; ECF No. 45.

[34] *See* L.R. 54-14 (enumerating the requirements for attorney's fees motions and noting that "[f]ailure to provide the information required . . . may be deemed a consent to the denial of the motion.").

[35] *Id.* at 54-14(b).

[36] ECF No. 41-1 (declaration of Jonathan W. Heaton).

[37] L.R. 54-14(a)(3).

7

**Conclusion**

IT IS THEREFORE ORDERED that Advanced Care Group's motion for attorneys' fees **[ECF No. 39] is DENIED**, as are Partell and Tilghman's joinders **[ECF Nos. 41, 45]**.

_____
U.S. District Judge Jennifer A. Dorsey
June 9, 2022